IN THE DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                    No. CR 10-2766 MCA

JAKE SKINNER,

                Defendant.

## ORDER

**THIS MATTER** is before the Court on *Defendant Jake Skinner's Opposed Motion To Revoke Detention Order Of United States Magistrate Judge* [Doc 30]. Having convened a hearing on November 16, 2010 and then having conducted a *de novo* review of the detention proceedings conducted by United States Magistrate Judge W. Daniel Schneider, as well as having then considered the applicable law, arguments of counsel, the evidence presented and the testimony of witnesses, and otherwise being fully advised in the premises, the Court **denies** Defendant's *Motion*.

## I.     BACKGROUND

In October 2007, state authorities conducted a search of Defendant's home. During that search, Defendant admitted to possessing child pornography. Defendant was

indicted by a grand jury in state court and was released on conditions.  In January 2009, the state offered Defendant a plea agreement, which Defendant accepted.  The state district court sentenced Defendant to a deferred sentence and required Defendant to register as a sex offender.  According to the Government, after sentencing, the case received a new judge assignment.  On receiving a new judge, Defendant filed a motion for reconsideration of his sentence, and the new judge granted Defendant a conditional discharge and waived the sex offender registration requirement.

After Defendant's sentence was reduced, the United States Attorney's office requested and was granted permission to proceed with a federal prosecution against Defendant.  See Thompson v. United States, 444 U.S. 248, 248 (1980) ("The Department of Justice has a firmly established policy, known as the 'Petite' policy, under which United States Attorneys are forbidden to prosecute any person for allegedly criminal behavior if the alleged criminality was an ingredient of a previous state prosecution against that person. An exception is made only if the federal prosecution is specifically authorized in advance by the Department itself, upon a finding that the prosecution will serve 'compelling interests of federal law enforcement.'").  As a result, the Government filed a criminal complaint against Defendant on March 29, 2010, charging Defendant with possession of matter containing visual depiction of minors engaged in sexually explicit content, contrary to 18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2), and 2256.  [Doc 1]

On October 5, 2010, Defendant pleaded guilty before United States Magistrate Judge W. Daniel Schneider to one count of the charged crime.  [Doc 27]  At that time,

Judge Schneider remanded Defendant into custody and later entered an *Order* revoking Defendant's previous conditions of release.  [Doc 28]  On October 9, 2010, Defendant filed a *Motion* to revoke Judge Schneider's *Order* [Doc 29], and the Government responded in opposition to Defendants' *Motion* on October 22, 2010 [Doc 34].  A hearing on Defendant's *Motion* was convened by this Court on November 16, 2010.

This Court considers *de novo* an appeal from a magistrate judge's detention order. See United States v. Disher, 650 F.Supp.2d 1131, 1135 (D.N.M. 2009) ("The district court conducts a de novo review of the Magistrate Judge's pretrial detention order and must make its own determination if pretrial detention is proper or set conditions of release."); 18 U.S.C. § 3145(b) ("If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order.") .

## II.  ANALYSIS

Subject to some exceptions, Section 3143(a) requires this Court to remand a defendant into custody if that defendant has been convicted of a crime of violence.  See § 3143(a)(2); 18 U.S.C. § 3142(A).  The Court need not remand Defendant, however, if the Court finds by clear and convicting evidence (1) that he is not likely to flee and (2) that he does not pose a danger to the safety of any other person or community if released. Section 3145(c); see § 3143(a)(1); United States v. Kinslow, 105 F.3d 555, 557 (10th Cir. 1997) ("Alternatively, [Defendant] could obtain release under 18 U.S.C. § 3145(c).").  In

addition, Defendant must also clearly show that "there are exceptional reasons why [his] detention would not be appropriate." 18 U.S.C. § 3145(c).

The parties correctly agree that the crime to which Defendant has pleaded guilty is a crime of violence. [Doc 30 at 7; Doc 34 at 8] See United States v. Wages, 271 Fed.Appx. 726, 727 (10th Cir. 2008) (noting that the defendant "properly" conceded that his conviction for possession of child pornography "is statutorily classified as a 'crime of violence'"). Further, the Government does not take the position that Defendant is a flight risk and nothing appears in the record of this case to suggest to this Court that Defendant poses a risk of flight. Accordingly, this Court finds that Defendant has pleaded guilty to the commission of a crime of violence and that he is not likely to flee.

Turning to the next element, dangerousness, Defendant argues that he is not a danger to the community because he has never been convicted of any other crime, he is participating in rehabilitation and treatment, and he has been compliant with his state-court probation and the previous conditions of release in the current proceeding. Specifically, Defendant points to his "regular polygraph examinations," which "ensure that he has not possessed any kind of pornography and that he has not had any prohibited contact with minors." [Doc 30 at 7] In addition, Defendant maintains that both a forensic psychologist, Dr. Moss Aubrey, and his counselor, Bonnie Sanchez, have made favorable reports regarding his dangerousness and his treatment progress.

The Government contends that the nature of Defendant's convictions "renders him a danger to children." [Doc 34 at 9] Further, the Government states that Defendant's

crime was ongoing—that he has been collecting images of child pornography for the past ten years and that he has expressed "a sexual interest in young boys." [Id. at 10]  The Government further notes that Defendant declined to participate in a "full disclosure polygraph" and that it is "unclear" whether the polygraphs administered pursuant to the state probation condition include "all past conduct with minors" or only "past conduct during a specified period." [Id. at 11]

The Court finds, based on the proffered evidence, that although Defendant has never been convicted of any other crime, he admitted to police (1) that he possessed or distributed images of child pornography for ten years prior to the search that led to the current conviction; (2) that he possessed 1,059 images of child pornography and 31 child pornography videos; and (3) that the images depict physical force on young children in the form of sodomy, anal intercourse, and vaginal intercourse.  One such image, admitted as an exhibit at the November 16, 2010 hearing, shows a nude boy, sitting down with ropes tied around his arms, while an adult male was standing in front of the minor with his penis in the boy's mouth.   Defendant admitted to possessing this image and admitted that he enjoyed child pornography "as a recreation" and that he "preferred young boys." [Id. at 10, 2]  According to the Government, although some of the children from the videos have  been identified and rescued, "[m]any other  children in the child pornography images and videos which the Defendant possessed have yet to be rescued and identified." [Id. at 10, n. 3]  The Court also finds it noteworthy that these images were stored on two laptops and an external hard drive, all of which are highly portable

mediums.

At the November 16, 2010 hearing, Bonnie Sanchez, Defendant's counselor, testified about Defendant's treatment progress. Although she stated that Defendant has made significant progress in counseling and that he would benefit from finishing her program (which treatment was suspended because of his current incarceration), she also admitted that she does not know whether he ever engaged in hands-on sexual contact with children. Additionally, she explained that viewing child pornography is "addictive" behavior—that addicted persons "literally can't stop." Ms. Sanchez described her field—the counseling of sex offenders—*as a new discipline, about which much remains unknown*. Finally, Ms. Sanchez acknowledged that she reviewed the report of Dr. Aubrey and agreed with its conclusions.

The Court, also having reviewed the report of Dr. Aubrey, finds that the report contains two important omissions. Dr. Aubrey states that based on Defendant's self-report, "he has not had significant problems regarding alcohol or other drug abuse." [Doc 17-1 at 6] Defendant made a similar report, regarding alcohol and drug abuse, to United States Probation Officer Andrew F. Selph on April 21, 2010. The Officer stated in his report as follows: " HEALTH: The defendant noted no history of substance abuse". [See *Pretrial Services Report*, dated April 21, 2010, filed under seal as Doc 38]. Despite these self-reports, it is undisputed that drug paraphernalia was recovered from Defendant's home at the time of his initial arrest, and at the hearing, Defendant's attorney acknowledged that Defendant had "a history of use of drugs and alcohol." Indeed, at the

hearing, Defendant's counsel expressed disbelief that Defendant would make a statement disavowing drug and alcohol abuse to the United States Probation Officer—essentially, Defendant's counsel suggested that Defendant made no such statement and that the report was fabricated.[1]  This Court takes judicial notice of the April 21, 2010 *Pretrial Services Report* and expressly finds that the report was prepared in accordance with pretrial services procedures and that the report is credible as to its contents.  The Court has no reason or basis for discrediting the contents of Officer Selph's report.

Defendant also reported to Dr. Aubrey that most of the child pornography images involved only nudity, "although a few involved overt sexual activity."  [Doc 17-1 at 3] Dr. Aubrey's report acknowledges that he did not make "a systematic effort to substantiate the accuracy" of the information that Defendant reported and that he generally "assumed that the information provided to [him was] reasonably accurate."  [Id. at 2]  At the hearing, the Government stated that Dr. Aubrey did not view the images that had been found in Defendant's possession, and Defendant did not contradict this assertion.  Thus, Dr. Aubrey was unaware that, by the estimate of Special Agent Kinch, who investigated Defendant for the State of New Mexico and testified at the hearing, upwards of 70% of the images discovered on Defendant's computer depicted *sexual acts* involving children—and not simply "nudity."

At hearing, Defendant argued that the Government has been unable to provide

---

[1]  Also at the hearing, counsel for Defendant acknowledged having received the April 21, 2010 Pretrial Services Report, but indicated that she had not reviewed it carefully or "in depth." [Transcript, November 19, 2010 Hearing at 16:53:22-16:54:40]

reliable scientific evidence and data to support the conclusion that persons who view

child pornography, or who are in possession of the types of videos and images as was

Defendant, are dangerous to the community.  Defendant provides no authority, however,

for the proposition that the Government is required to produce such objective and general

evidence in order to establish dangerousness.  See Kinslow, 105 F.3d at 557 (requiring

the *defendant* to make the statutory showing by clear and convincing evidence that he was

*not* likely to pose a danger to the safety of others).  The Court will consider all of the

evidence and facts that specifically pertain to Defendant in order to determine whether

Defendant poses a danger to the community; the existence or lack of scientific data or

research data is not dispositive of this issue.

Defendant admittedly enjoyed watching the graphic and violent sexual abuse of

children.  He collected over a thousand images and thirty videos for ten years without

incident or arrest.  Thus, the fact that Defendant was not previously convicted for any

other crime does not suggest that he has not committed other crimes, for which he was

not apprehended or charged.  Further, despite the favorable assertions of Ms. Sanchez and

Dr. Aubrey, the Court observes that these evaluators relied on the representations of

Defendant, without additional verification of his statements and without thorough follow-

up.  Much of what these treatment providers opined is subjective and anecdotal, and I find

that for the most part their respective conclusions lack depth.  In the instances where

Defendant's statements have been subject to verification, regarding substance abuse and

the nature of the recovered images, Defendant has been shown to have misrepresented the

facts.  I specifically do not credit the conclusions of Ms. Sanchez and Dr. Aubry as to the question of dangerousness.

In addition, the Court is concerned that Defendant's ability to pass a polygraph examination has been overstated.  The polygraphs that Defendant has taken are geared toward measuring his compliance with his state-court probation conditions, and such an examination does not adequately assess his past and future dangerousness to children.  A full-disclosure polygraph could reveal the extent of his past conduct, but Defendant declined to undergo such an examination.  Little appears to be known about Defendant, but what information has been made available to the Court for consideration of the pending motion compels the Court to conclude that Defendant has failed to meet his burden.

Based on these findings of fact and for additional reasons stated on the record at hearing, the Court concludes that Defendant has failed to establish by clear and convincing evidence that he is not a danger to the community.  It is therefore not necessary to consider whether "exceptional circumstances" exist that make Defendant's further incarceration inappropriate.

## III.   CONCLUSION

For the foregoing reasons and for any other reasons stated on the record at the November 16, 2010 hearing, Defendant shall remain in custody.

**IT IS THEREFORE ORDERED** that *Defendant Jake Skinner's Opposed Motion To Revoke Detention Order Of United States Magistrate Judge* [Doc 30] is **DENIED**.

**SO ORDERED** this 3rd  day of December, 2010 in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
United States District Judge